PER CURIAM.
Appellant, an inmate of the state correctional system, seeks review of an order denying his motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, appellant made two claims. The first claim was that his pleas of guilty by convenience were involuntary because he continued to assert his innocence and the trial court failed to determine the existence of a factual basis to support the pleas. The second claim was that he received ineffective assistance from trial counsel because counsel failed to interview, investigate or depose known witnesses; failed to investigate various possible defenses; and told him that, “unless he could prove that he was some place other than where the state alleged, then he would be found guilty and receive the death penalty if he proceeded to trial.” Appellant requested that he be permitted to withdraw his pleas, and to proceed to trial.
Having reviewed the record, we conclude that the trial court’s denial of relief based on the claim of ineffective assistance of counsel was correct, and affirm as to that claim without further discussion. However, we are constrained to reverse the denial of relief based on the first claim, and to remand for further proceedings.
In its order, the trial court refers to the transcript of the plea colloquy to support denial of the claim that appellant’s pleas were involuntary. However, no transcript is attached to the order, as required by rule 3.850(d). Therefore, the record before us does not conclusively show that appellant is entitled to no relief on this claim. Accordingly, we reverse as to this claim only, and remand for further proceedings. Should the trial court again conclude that the claim is without merit, it shall attach to its order denying relief those portions of the record which conclusively show that.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ALLEN, WEBSTER and LAWRENCE, JJ., concur.